**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

MATTHEW GARY SHULTZ,

        Plaintiff,

v.                                                                        Case No:    6:25-cv-918-LHP

DUSTIN MUELLER, SMITH
PREDELUS and CITY OF ORLANDO,

        Defendants

---

**ORDER[1]**

Plaintiff Matthew Gary Shultz, proceeding *pro se*, alleges claims against Defendants Dustin Mueller, Smith Predelus, and the City of Orlando for violations of his constitutional rights and retaliation.   Doc. No. 70.   Now before the Court is Defendants' Joint Motion to Dismiss.   Doc. No. 71.   Plaintiff opposes.   Doc. No. 72.   For the reasons discussed herein, the motion (Doc. No. 71) will be granted in part, and Plaintiff's First Amended Complaint (Doc. No. 70) will be dismissed without prejudice and with leave to amend.

---

[1] The parties have consented to the jurisdiction of a United States Magistrate Judge and the Inexpensive Determination, Efficient, and Abbreviated Litigation (IDEAL) Program.   Doc. Nos. 59, 60.

## I.   BACKGROUND.

On May 27, 2025, Plaintiff initiated this action by filing a complaint against Defendants under 42 U.S.C. § 1983 alleging various constitutional rights violations. Doc. No. 1.   Defendants each moved to dismiss.   Doc. Nos. 35, 41, 45.   On October 23, 2025, following a preliminary pretrial conference held the previous day, the Court issued an Order granting Plaintiff leave to file an amended complaint, and denied as moot Defendants' motions to dismiss.   Doc. No. 69; *see also* Doc. Nos. 63, 67.   In that Order, the Court discussed the concept of "shotgun pleading" and provided Plaintiff with guidance on repleader in compliance with Federal Rules of Civil Procedure 8 and 10.   Doc. No. 69.   The Court also stayed discovery and all other proceedings pending resolution of all pleading related matters.   *Id.*

On November 3, 2025, Plaintiff timely filed his first amended complaint, which is the operative pleading in this case.   Doc. No. 70.[2]   Plaintiff asserts seven (7) claims under 42 U.S.C. § 1983: (a) against Mueller and Predelus for violations of Plaintiff's fourth amendment rights based on unlawful detention and excessive force (Counts I and IV); (b) against the City of Orlando for violations of Plaintiff's fourteenth amendment rights based on "due process-firearms" (Count II) and for violations of Plaintiff's second amendment right to bear arms (Count III); (c) a

---

[2] Plaintiff also filed a second amended complaint, which the Court ordered stricken for failure to comply with Federal Rule of Civil Procedure 15.   Doc. Nos. 73, 74.

municipal liability claim under *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978) against the City of Orlando for inadequate training and supervision (Count V); (d) a fourteenth amendment equal protection claim against Mueller and Predelus (Count VI); and (e) a first amendment retaliation claim against the City of Orlando (Count VII).   *Id.*   The entirety of the factual allegations set forth in the first amended complaint are as follows:

> On or about September 12, 2021, Plaintiff was detained and arrested by Officer Mueller following a domestic dispute in which Plaintiff was the victim.   Despite visible injuries and evidence of assault by his then-wife, Officers Mueller and Predelus treated Plaintiff as the aggressor.   Officer Mueller told Plaintiff that he was free to leave, then reversed and arrested him without probable cause. Plaintiff was tightly handcuffed behind his back, which caused severe pain and later spinal complications requiring surgeries in 2023. Plaintiff's charges were dismissed and expunged.   The Orlando Police Department refused to return Plaintiff's firearms after dismissal, claiming they were lost.   Plaintiff filed an Internal Affairs complaint, which the City ignored.

*Id.* at 2-3.

Plaintiff does not incorporate any of these facts into any of his claims, rather each claim simply consists of three (3) sentences: the first sentence identifies the specific constitutional right at issue, the second identifies the defendant(s), and the third states the violation and cites to legal authority.   *Id.* at 3-5.   As relief, Plaintiff seeks compensatory and punitive damages exceeding $1,000,000.00; judgment against Defendants; attorneys' fees under 42 U.S.C. § 1988; and any other relief the Court deems just and proper.   *Id.* at 6.

Defendants have jointly moved to dismiss the first amended complaint, arguing that the pleading is both a shotgun pleading and fails to plausibly allege any claims for relief. Doc. No. 71. Plaintiff opposes, and alternatively requests leave to file a second amended complaint to cure any identified pleading deficiencies. Doc. No. 72. The motion is now ripe for review.

## II.    LEGAL STANDARD.

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), so as to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). "Rule 10 of the Federal Rules of Civil Procedure requires that each claim be separated into separate counts and supported by distinct factual allegations." *Bagley v. City of Tampa*, No. 8:07-cv-218-T-27EAJ, 2007 WL 9723949, at *1 (M.D. Fla. Sept. 19, 2007) (citing Fed. R. Civ. P. 10(b)). Although a court must accept as true well pleaded allegations, it is not bound to accept a legal conclusion couched as a factual allegation. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555).

These requirements apply to *pro se* litigants, although courts give a "liberal construction" to *pro se* pleadings. *Holsomback v. White*, 133 F.3d 1382, 1386 (11th Cir. 1998). But this leeway is not limitless, as courts cannot serve as "*de facto*

- 4 -

counsel for a party, or . . . rewrite an otherwise deficient pleading in order to sustain an action." *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168–69 (11th Cir. 2014) (citation omitted). *See also Gilmore v. Hodges*, 738 F.3d 266, 281 (11th Cir. 2013) ("[L]iberal construction is not the same thing as wholesale redrafting."). *Pro se* parties must comply with the minimum pleading standards set forth in the Federal Rules of Civil Procedure and the Local Rules. *Nawab v. LVNV Funding LLC*, Case No. 5:12-cv-129-Oc-10PRL, 2012 WL 12918283, at *1 (M.D. Fla. Nov. 19, 2012).

"Complaints that violate either Rule 8(a)(2) or Rule 10(b), or both, are often disparagingly referred to as 'shotgun pleadings.'" *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1320 (11th Cir. 2015). Shotgun pleadings generally present in one of four ways: (1) a complaint "containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint"; (2) a complaint "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action"; (3) a complaint that fails to separate "into a different count each cause of action or claim for relief"; and (4) complaints containing "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Id.* at 1321–23. Each of these types of pleadings fails "to give the defendants adequate notice of the claims

- 5 -

against them and the grounds upon which each claim rests." *Id.* at 1323. And while courts "construe *pro se* pleadings liberally, holding them to a less stringent standard than those drafted by attorneys," *Arrington v. Green*, 757 F. App'x 796, 797 (11th Cir. 2018), courts "have little tolerance for shotgun pleadings." *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018).[3]

Under Rule 12(b)(6), "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). While this pleading standard "does not require 'detailed factual allegations,' . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (quoting *Twombly*, 550 U.S. at 555). A pleading must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. For purposes of this analysis, exhibits attached to the complaint are "part of the pleading for all purposes." Fed. R. Civ. P. 10(c); *see also Saunders v. Duke*, 766 F.3d 1262, 1270 (11th Cir. 2014) ("[D]ocuments attached to a complaint or incorporated in the complaint by reference can generally be considered by a federal court in ruling on a motion to dismiss under Rule 12(b)(6).").

---

[3] Unpublished opinions of the Eleventh Circuit are cited as persuasive authority. *See* 11th Cir. R. 36–2.

## III.   ANALYSIS.

### A.   *Sufficiency of Pleading*.

Defendants first argue that Plaintiff's first amended complaint remains a shotgun pleading because none of the factual allegations or causes of action are discretely numbered, and it is entirely unclear which, if any, facts are incorporated into which claims.   Doc. No. 71, at 3-4.   Upon review, while Plaintiff has attempted to separate out his claims and he no longer alleges facts in a lengthy narrative (*see* Doc. No. 1), the Court agrees that the first amended complaint remains a shotgun pleading – particularly the first and fourth type.[4]   Specifically, the first amended complaint contains a single paragraph of facts, and Plaintiff nowhere identifies which facts relate to which claims, leaving the Court and Defendants to assume that the entire factual basis applies to each claim, which in turns leaves the Court and Defendants without adequate notice of the grounds upon which each claim rests.   *See Weiland*, 792 F.3d at 1321; *Smith v. Knipe*, No. 6:23-cv-1718-WWB-LHP, 2024 WL 988853, at *3 (M.D. Fla. Feb. 13, 2024), *report and recommendation adopted*, No. 6:23-cv-1718-JSS-LHP, 2024 WL 1619412 (M.D. Fla. Apr. 15, 2024) (dismissing complaint as the first type of shotgun pleading where in several of the counts the plaintiff "does not expressly reference any factual allegations

---

[4] Plaintiff of course disputes that his first amended complaint is a shotgun pleading, but provides no legal authority to support this assertion, and as previously mentioned, alternatively requests leave to amend.   Doc. No. 72.

whatsoever, but instead appears to incorporate the entire Complaint and several exhibits."); *Uppal v. Hosp. Corp. of Am.*, No. 8:09-cv-634-T-33TBM, 2010 WL 3824220, at *3 (M.D. Fla. Sept. 27, 2010) (dismissing complaint as shotgun pleading where the factual section was "not connected to the otherwise generally pled counts in any meaningful way.").

The first amended complaint is also the fourth type of shotgun pleading, as several of the claims (Counts I, IV, VI) are against both Mueller and Predelus, but Plaintiff does not specify which defendant is responsible for which acts or omissions as to those claims. *Weiland*, 792 F.3d at 1321. *See also Pyatt v. Gimenez*, No. 1:20-cv-20827, 2020 WL 4003495, at *5 (S.D. Fla. July 15, 2020) (dismissing complaint where it "suffer[ed] from the second and fourth 'sins' of asserting multiple claims against multiple defendants without specifying which of the defendants is responsible for which acts or omissions and of alleging conclusory, vague, and immaterial facts not obviously connected to any particular cause of action"); *Hewlett Packard Enter. Co. v. Digicom Tech.*, LLC, No. 6:18-cv-1847-Orl-40GJK, 2018 WL 7412892, at *1 (M.D. Fla. Nov. 1, 2018) (dismissing complaint as fourth type of shotgun pleading where "each Count asserts claims against two named and twenty unnamed Doe Defendants without delineating each Defendant's liability-creating conduct.").

The Court further agrees with Defendants that the first amended complaint fails to comply with Federal Rule of Civil Procedure 10(b), as it does not state its facts and claims in separately numbered paragraphs. *See Topa v. Kerbs*, No. 2:18-cv-475-FtM3-8MRM, 2018 WL 6249847, at *2 (M.D. Fla. Nov. 29, 2018) (dismissing complaint that failed to "set out claims in separate, numbered paragraphs, which makes it difficult to decipher the precise claims [plaintiff] brings," and where plaintiff did not allege sufficient facts to state plausible claims for excessive force, false arrest, or entrapment).

Accordingly, Defendants' motion to dismiss is due to be granted to the extent that the Court will dismiss Plaintiff's first amended complaint as a shotgun pleading.

B.    *Leave to Amend.*

"If a court identifies that a complaint is a shotgun complaint, it generally must give the litigant one chance to replead, with instructions on the deficiencies." *Armstrong v. U.S. Att'y Gen.*, No. 23-10323, 2024 WL 1554758, at *2 (11th Cir. Apr. 10, 2024) (citing *Vibe Micro, Inc.*, 878 F.3d at 1296); *see also Woldeab v. Dekalb Cty. Bd. of Educ.*, 885 F.3d 1289, 1291 (11th Cir. 2018) (citation omitted) ("Where a more carefully drafted complaint might state a claim, a plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice."); *Lacy v. BP P.L.C.*, 723 F. App'x 713, 717 (11th Cir. 2018) (noting

that "it is usually an abuse of discretion for a district court to dismiss a *pro se* complaint without granting leave to amend").

As discussed above, Plaintiff has already been provided leave to amend, and the Court previously addressed shotgun pleading standards with Plaintiff. Doc. Nos. 67, 69. However, it is clear that Plaintiff is attempting to rectify his shotgun pleading deficiencies, and in light of his *pro se* status as well as his request that he be provided leave to amend (Doc. No. 72), the Court will afford Plaintiff *one final opportunity* to assert claims that comply with all pleading requirements and assert plausible claims for relief. *See, e.g., Sbrocco v. Hartford Ins. Co. of the Se.*, No. 2:19-cv-59-FtM-99UAM, 2019 WL 2211112, at *4 (M.D. Fla. May 22, 2019) (dismissing *pro se* amended complaint as a shotgun pleading but permitting another opportunity to replead); *Jablonski v. Travelers Co., Inc.*, No. 2:15-cv-365-FtM-38CM, 2016 WL 614655, at *2 (M.D. Fla. Feb. 16, 2016) (giving *pro se* plaintiff leave to file a second amended complaint after dismissal of amended complaint).

Because repleader is appropriate, Defendants' motion to dismiss will be denied without prejudice as to their remaining arguments under Federal Rule of Civil Procedure 12(b)(6), and as to their request for dismissal with prejudice. Defendants are free to reassert these and any other appropriate arguments in response to an amended pleading. *See, e.g., Ally v. Hous. Auth. of City of Orlando, Fla.*, No. 6:20-cv-1518-WWB-LRH, 2021 WL 2446760, at *4 & n.5 (M.D. Fla. Apr. 8,

- 10 -

2021), *report and recommendation adopted*, 2021 WL 2446712 (M.D. Fla. May 4, 2021) (finding Rule 12(b)(6) arguments premature and declining to address them when the shotgun complaint was due to be repleaded (citing *Magluta v. Samples*, 256 F.3d 1282, 1284 (11th Cir. 2001))); *Alvarez v. Lakeland Area Mass Transit Dist.*, No. 8:19-cv-1044-T-33SPF, 2019 WL 2868943, at *3 (M.D. Fla. July 3, 2019) ("Because the [Amended] Complaint is a shotgun complaint, repleader is necessary and the Court need not delve into the merits of the claims at this juncture." (alteration in original) (quoting *Madak v. Nocco*, No. 8:18-cv-2665-T-33AEP, 2018 WL 6472337, at *3 (M.D. Fla. Dec. 10, 2018))); *Fabing v. Gill*, No. 8:12-cv-2579-T-30TBM, 2013 WL 308900, at *1 (M.D. Fla. Jan. 25, 2013) ("[T]he Court need not address the merits of the Rule 12(b)(6) motion because . . . the complaint fails to comply with Rules 8 and 10 of the Federal Rules of Civil Procedure.").  *See also Sibley v. Lakeland*, No. 8:24-cv-2853-VMC-AEP, 2025 WL 1043429, at *3-4 (M.D. Fla. Apr. 8, 2025) (declining to address qualified immunity issue because the complaint was dismissed without prejudice as a shotgun complaint).

That said, several of Defendants' arguments regarding pleading deficiencies appear to have merit, therefore the Court provides the following guidance on repleader.  Plaintiff is reminded that he must "plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678 (citation omitted).  Plaintiff must allege

clearly the legal basis of the cause of action, whether a constitutional provision, treaty, statute, or common law.   He must also allege in the body of the complaint, in numbered paragraphs, under a section titled "Statement of Facts," how each named defendant participated in the activity that allegedly violated his rights. Plaintiff must allege some causal connection between each defendant named and the injury he allegedly sustained.   *See* Fed. R. Civ. P. 8; 10.   Plaintiff must also separately allege, in numbered paragraphs, each cause of action in separate counts, and must specifically identify which facts relate to which claim.   Finally, Plaintiff must specifically allege the harm or injury caused by the actions and/or omissions of the defendants and the relief sought.

To the extent Plaintiff repleads claims under 42 U.S.C. § 1983, Plaintiff must allege "(1) a violation of a constitutional right, and (2) that the alleged violation was committed by a person acting under color of state law."   *Holmes v. Crosby*, 418 F.3d 1256, 1258 (11th Cir.2005) (citations omitted).   *See also Sherman v. Blair*, No. 5:15-cv-36-Oc-34PRL, 2015 WL 9685940, at *4 (M.D. Fla. Dec. 18, 2015), *report and recommendation adopted*, No. 5:15-cv-36-Oc-34PRL, 2016 WL 99570 (M.D. Fla. Jan. 8, 2016) (listing elements of a § 1983 claim for false arrest as "(1) the unlawful detention and deprivation of liberty of a person; (2) against that person's will; (3) without legal authority or 'color of authority'; and (4) which is unreasonable and unwarranted under the circumstances." (citation and internal quotation marks omitted));

*Lancaster v. Adams*, No. 3:21-cv-559-BJD-JBT, 2021 WL 4502796, at *2 (M.D. Fla. Oct. 1, 2021) (discussing pleading requirements for an excessive force claim). And for any claims asserted against a law enforcement officer in his or her individual capacity, Plaintiff must also allege that each officer was acting within the scope of his or her discretionary authority, and that each officer violated a clearly established constitutional right. *See Corbitt v. Vickers*, 929 F.3d 1304, 1311 (11th Cir. 2019) ("Generally speaking, it is proper to grant a motion to dismiss on qualified immunity grounds when the complaint fails to allege the violation of a clearly established constitutional right.").

To the extent Plaintiff seeks to assert a municipal liability claim under *Monell* against the City, he must allege facts showing "(1) that his constitutional rights were violated; (2) that the municipality had a custom or policy that constituted deliberate indifference to that constitutional right; and (3) that the policy or custom caused the violation." *See Grimes v. City of Orlando (Fla.)*, No. 6:19-cv-1811-Orl-40EJK, 2019 WL 13546192, at *2 (M.D. Fla. Nov. 4, 2019), *report and recommendation adopted*, No. 6:19-cv-1811-Orl-78EJK, 2019 WL 13546191 (M.D. Fla. Nov. 8, 2019) (quoting *McDowell v. Brown*, 392 F.3d 1283, 1289 (11th Cir. 2004)).

Plaintiff is further advised that to state a claim for First Amendment retaliation under § 1983, he must plead that: "(1) the plaintiff engaged in constitutionally protected speech; (2) the defendant's retaliatory conduct adversely

affected the protected speech; and (3) the retaliatory action caused the adverse effect on plaintiff's speech." *Hoffman v. Delgado*, No. 2:23-cv-130-SPC-NPM, 2023 WL 6161796, at \*2 (M.D. Fla. Sept. 21, 2023) (quoting *Bennett v. Hendrix*, 423 F.3d 1247, 1250 (11th Cir. 2005), *aff'd*, No. 23-13213, 2025 WL 25856 (11th Cir. Jan. 3, 2025). To the extent Plaintiff seeks to allege an equal protection claim based on his gender, Plaintiff must allege that: "(1) he is similarly situated with other persons who received more favorable treatment; and (2) his discriminatory treatment was based on some constitutionally protected interest such as race or gender." *See Giraldo v. City of Hollywood Fla.*, 142 F. Supp. 3d 1292, 1301 (S.D. Fla. 2015) (internal quotation marks omitted). And as for any procedural due process claims, Plaintiff must allege "(1) a deprivation of a constitutionally-protected liberty or property interest; (2) state action; and (3) constitutionally-inadequate process." *Chen v. Lester*, No. 6:08-cv-1954-Orl-22GJK, 2009 WL 10698631, at \*14 (M.D. Fla. Mar. 19, 2009) (citation omitted).

Finally, with respect to Plaintiff's second amendment claim, the Court draws Plaintiff's attention to persuasive authority in this Circuit suggesting that "there is no cognizable cause of action by a gun owner against a government agency or employee for [violations of the right to bear arms]." *See Raymond v. Hillsborough Cnty., Fla.*, No. 8:24-cv-1404-TPB-CPT, 2024 WL 4792016, at \*4 (M.D. Fla. Nov. 14,

- 14 -

2024), *aff'd sub nom. Raymond v. Hillsborough Cnty.*, No. 24-14124, 2025 WL 2409096 (11th Cir. Aug. 20, 2025).

Because Plaintiff is currently proceeding without a lawyer, the Court again directs his attention to the Court's website, http://www.flmd.uscourts.gov. On the Court's homepage, Plaintiff can find basic information and resources for parties who are proceeding without a lawyer in a civil case by clicking on the "For Litigants" tab and then clicking on "Litigants without Lawyers."

## IV.  CONCLUSION.

For the foregoing reasons, it is **ORDERED** that:

1.     Defendants' Joint Motion to Dismiss (Doc. No. 71) is **GRANTED in part**, to the extent it seeks dismissal of Plaintiff's First Amended Complaint (Doc. No. 70) as a shotgun pleading.

2.     Plaintiff's First Amended Complaint (Doc. No. 70) is **DISMISSED without prejudice.**

3.     Within **twenty-one (21) days** of the date of this Order, Plaintiff shall file a second amended complaint addressing the issues identified herein.

4.     Withing **twenty-one (21) days** of the filing of Plaintiff's second amended complaint, Defendants shall answer or otherwise respond.

5.     Defendants' Joint Motion to Dismiss (Doc. No. 71) is **DENIED** in all other respects.

6.      The stay of proceedings remains in effect pending further order from the Court.   *See* Doc. No. 69, at 3.

**DONE** and **ORDERED** in Orlando, Florida on March 27, 2026.

_____
LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record
Unrepresented Parties